UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANDREW KIMBLE, on behalf of himself and all others similarly situated, | ) CIVIL COMPLAINT ) ) CASE NO. 1:20-CV-154 |
| Plaintiff, | ) ) ) **JUDGE JANET T. NEFF** |
| v. | ) ) **MAG. JUDGE SALLY J. BERENS** |
| JAMNBEAN LLC d/b/a "JAM'NBEAN COFFEE COMPANY," | ) ) ) **JURY DEMAND** |
| and | ) ) |
| SLICK INNOVATIONS, LLC d/b/a "SLICKTEXT" | ) ) ) |
| Defendants. | ) |

### FIRST AMENDED COMPLAINT

Now comes ANDREW KIMBLE ("Plaintiff"), on behalf of himself and all others similarly situated, complaining as to the conduct of JAMNBEAN LLC d/b/a "JAM'NBEAN COFFEE COMPANY" ("Jam'n") and SLICK INNOVATIONS, LLC d/b/a "SLICKTEXT" ("SlickText," and collectively "Defendants"), for their unlawful conduct as follows:

#### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Western District of Michigan and a substantial portion of the events giving rise to the claims occurred within the Western District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in the State of Ohio

5. Defendant Jam'n is a Michigan limited liability company with its principal place of business in Grand Rapids, Michigan.

6. Jam'n operates coffee shops in the Grand Rapids, Michigan area.

7. Defendant SlickText is a New York limited liability company with its principal place of business in Jamestown, New York.

8. Defendant SlickText is a provider of text message marketing services, including "text blast" services, for small business customers. *Text Marketing Best Practices*, SlickText (last accessed Feb. 5, 2020), *available at* https://www.slicktext.com/text-marketing-best-practices.php.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

[ 1 ]

## FACTS SUPPORTING CAUSES OF ACTION

10. On September 10, 2019, Plaintiff patronized one of Defendant Jam'n's coffee shops located in Grand Rapids, Michigan while he was in the city on business.

11. Plaintiff's decided to patronize Jam'n's establishment, in part, in order to access a WiFi network.

12. Although Jam'n provided a WiFi network for use by its patrons, the network was password protected and Plaintiff did not see the password posted.

13. On Plaintiff's table, Jam'n had placed a card stating that in order to obtain the password for establishment's WiFi network, he could text the word "Jam'n" to the short code "69922."

14. This card did not state that by doing so Plaintiff was giving his consent to be contacted by Defendants using an Automatic Telephone Dialing System.

15. Plaintiff did not in any other way give his consent to be contacted by Defendants using an Automatic Telephone Dialing System.

16. Following the instructions on the card, Plaintiff texted the word "Jamin" to the short code "69922" from his personal cellular telephone.

17. Almost immediately, Plaintiff received a reply text message from the short code "69922," reading:

> Welcome to JamnBean's VIP program.  2.00 OFF Lattes, FREE WIFI & more.  Check out our new wholesale program: https://slkt.io/GbZ  wifi psw: betterhalf
>
> 4 Msgs/Month.  Reply STOP to cancel, HELP for help. Msg&data rates may apply.  Terms: http://bit.ly/2lbEw25

[ 2 ]

18. The url http://bit.ly/2lbEw25 leads to a webpage operated by Defendant SlickText giving terms and conditions.

19. The url https://slkt.io/GbZ then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

20. Plaintiff did not respond to this message.

21. Shortly thereafter, Plaintiff returned to Ohio.

22. On September 16, 2019 at 9:05 A.M., Plaintiff received another text message from the short code "69922," reading:

> Jam'nBean VIP'S, how about a Pumpkin Spice Latte. Save
> 2.00 OFF any Latte w/ reusable coupon. Check out our
> large variety of loose leaf tea!  https://slkt.io/Hwk

23. The url https://slkt.io/Hwk then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

24. On October 7, 2019 at 10:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey VIP's – 10 reasons to visit Jam'nBean Coffee & Tea Co.
> & 2.00 off latte coupon https://slkt.io/Hwk

25. The url https://slkt.io/Hwk then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations, as well as advertising material for Jam'n. At present, it leads to a statement that the coupon has expired.

[ 3 ]

26. On October 14, 2019 at 10:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey Jam'nBean VIP'S – This weeks Specials: 2.00 OFF Lattes, .50 cents off Batch Brew & 1.00 off organic teas with reusable coupon!. https://slkt.io/Hwk

27. The url https://slkt.io/Hwk then led to, on information and belief, a reusable $2.00 off coupon for lattes, a reusable $0.50 off coupon for "Batch Brew," and a reusable $1.00 off coupon for organic teas redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

28. On October 21, 2019 at 8:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey Jam'nBean VIP's! – Taste the difference of Freshly Roasted Coffee w/ a Delicious Latte & SAVE 2.00 with reusable coupon: https://slkt.io/Hwk -SUPPORT LOCAL-

29. The url https://slkt.io/Hwk then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

30. On November 4, 2019 at 8:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey Jam'nBean VIP's-SAVE 2.00 OFF Lattes, 1.00 OFF Hot Teas with this weeks reusable coupon: https://slkt.io/44bRn

31. The url https://slkt.io/44bRn then led to, on information and belief, a reusable $2.00 off coupon for lattes and a $1.00 off coupon for teas redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

32. On November 11, 2019 at 9:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey Jam'nBean VIP's-SAVE 2.00 OFF Lattes with this weeks reusable coupon: https://slkt.io/44bRn Coffee Roasted to Perfection by our own Master Roaster!

33. The url https://slkt.io/44bRn then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

34. On November 18, 2019 at 9:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey VIP,This Weeks JamnBean Specials,FREE 5.00 Gift Card with Select Gift Boxes,SAVE 2.00 off Lattes & Coffee Beans.Coupon: https://slkt.io/44bR

35. The url https://slkt.io/44bR then led to, on information and belief, a statement that "This mobilecoupon.io page can't be found." At present, it leads to the same statement.

36. On November 25, 2019 at 9:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Jam'nBean Coffee & Tea Company – Hey {first_name|VIP}},
> FREE Large Latte w/ Fresh Roasted Beans, 2.00 OFF Latte
> Coupon: https://slkt.io/4hY2

37. The url https://slkt.io/4hY2 then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

[ 5 ]

38. On December 3, 2019 at 1:07 P.M., Plaintiff received another text message from the short code "69922," reading:

> Holiday Easy Gifts – 5.00 FREE Jam'nBean Gift Card with every Coffee/Tea Gift Box purchased. Order here link: http://www.jamnbean.com/gift or pickup in store!

39. The url http://www.jamnbean.com/gift then led to, on information and belief, Jam'n's online store. At present, it leads to the same.

40. On December 9, 2019 at 8:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey VIP,2.00 OFF all Lattes with reusable coupon! Fresh roasted coffee from Jam'nBean makes the perfect gift. Coupon: https://slkt.io/4vNH

41. The url https://slkt.io/4vNH then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations. At present, it leads to a statement that the coupon has expired.

42. On December 30, 2019 at 8:01 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey Jam'nBean VIP – New Year Savings with a 2.00 OFF Latte Coupon: : https://slkt.io/4lgS "But first, coffee!"

43. The url https://slkt.io/4lgS then led to, on information and belief, a reusable $2.00 off coupon for lattes redeemable at Jam'n coffee shop locations. At present, it leads to a USPS package tracking report.

[ 6 ]

44. On February 4, 2020 at 8:00 A.M., Plaintiff received another text message from the short code "69922," reading:

> Hey Jam'nBean VIP, Shake off the Winter Blues & SAVE 2.00 on any awesome Latte & Fresh Baked Muffin Combo.  Use Coupon: https://slkt.io/52qt "But first, coffee!"

45. The url https://slkt.io/52qt then led to, on information and belief, a reusable $2.00 off coupon for any latte and muffin combination redeemable at Jam'n coffee shop locations.  At present, it leads to the same.

46. In total, Defendants have sent thirteen text messages to Plaintiff.

47. On information and belief, Defendant Jam'n entered the text of each text message into an interface provided by Defendant SlickText, and Defendant SlickText then sent them out using a device capable of storing and dialing through a list of Jam'n WiFi users' telephone numbers in rapid succession.

48. Plaintiff suffered distraction, irritation, stress, and increased use of his telephone service as a result of the text messages described above.

49. The distraction, irritation, stress, and increased use of his telephone service were especially severe as a result of Defendants' use of an ATDS, which resulted in Plaintiff's receipt of non-individualized mass messages that cause particular irritation, in the receipt of messages at unusually early hours, and in the receipt of more messages than could have been sent without an ATDS.

50. This action follows.

[ 7 ]

## COUNT I—VIOLATIONS OF THE TCPA

51. Plaintiff realleges the paragraphs above as though fully set forth herein.

52. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), prohibits "making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or recorded voice . . .(iii) to any telephone number assigned to a . . . cellular telephone device . . . unless such call is made solely to collect a debt owed or guaranteed by the United States.

53. A text message is a "call" for the purposes of the TCPA.  2003 TCPA Order, 18 FCC Rcd at 14115, ¶ 165.

54. "Prior express consent" means "prior express written consent," not merely proof of an existing business relationship.  2012 TCPA Order, 27 FCC Rcd at 1830, ¶¶ 20, 34.

55. "The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice . . . (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:  (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."  47 C.F.R. 64.1200(f)(8).

56. An "automatic telephone dialing system" ("ATDS") is any "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(b)(1). In the Sixth Circuit, this specifically includes any device that dials numbers from a stored list. *Allan v. Pa. Higher Educ. Assistance Agency*, 2020 U.S. App. LEXIS 23935, at *2 (6th Cir. July 29, 2020).

57. The facts that Defendants' text messages were in no way personalized, that Defendants intentionally sought to acquire many telephone numbers to which they might advertise, and that nearly all of Defendants' text messages were sent exactly at 8:00 A.M., 9:00 A.M., or 10:00 A.M., together indicate that Defendant SlickText sent the text using an ATDS.

58. At no time did Plaintiff give prior express written consent to Jam'n or SlickText permitting them to contact Plaintiff by means of an ATDS.

59. On information and belief, SlickText sent each of the text messages at issue at Jam'n's instructions, such that SlickText acted as Jam'n's agent in the sending of the text messages.

60. Defendants therefore violated the TCPA by sending at least thirteen text messages to Plaintiff's cellular phone using an ATDS without his prior consent express written consent.

61. Defendants' conduct in violating the TCPA was knowing and willful.

62. Plaintiff is thus entitled to $500 per call under this count, trebled for knowing or willful violations.

63. In the alternative, SlickText, provided Jam'n with both the ability to send the text messages at issue and instructions regarding TCPA compliance that did not instruct Jam'n to secure consent from its customers to contact them using an ATDS.

64. In such event, Jam'n is primarily liable for the sending of the violative text messages at issue, and SlickText is secondarily liable as its civil co-conspirator.

65. Defendants' conduct in violating the TCPA, through the above-described conspiracy in the case of SlickText, was knowing and willful.

66. Plaintiff is thus entitled to $500 per call under this count, trebled for knowing or willful violations.

### CLASS ALLEGATIONS

67. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23 (b)(3).

68. The class consists of:

> **All individuals to whom SlickText sent a text message, where that text message was drafted by Jam'n or was drafted at Jam'n's request, and where that text message was received on or after February 20, 2016.**

69. The class is so numerous that joinder of all members is not practicable. On information and belief, there are hundreds of class members.

70. There are questions of law and fact common to the class members that predominate over any questions relating to individual class members. The only significant question with respect to any class member is whether Defendants' method of obtaining consent—requiring that patrons provide their phone numbers to access WiFi without disclosing that patrons would thereafter receive further text messages *sent by*

*means of an automatic telephone dialing system*—satisfies the "prior express written consent" requirement of the TCPA.

71. Plaintiff's claims are typical of the claims of all class members. All are based on the same factual and legal theories.

72. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained competent counsel familiar with TCPA and class action litigation and with the resources necessary to pay for class notice and discovery costs.

73. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible and many if not most class members are unaware of their rights.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

a. Certifying this case as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3);

b. Appointing Plaintiff as class representative and Plaintiff's counsel as class counsel;

c. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

d. Awarding statutory damages of $500 per plaintiff per text message, trebled for knowing or willful violations;

e. Awarding Plaintiff as class representative statutory damages of $500 per text message for twelve text messages, trebled for knowing or willful violations;

[ 11 ]

**f.** Awarding Plaintiff the costs of this action;

**g.** Awarding any other relief as this Honorable Court deems just and appropriate.

## A TRIAL BY JURY IS DEMANDED.

Dated: August 24, 2020

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
